IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


MADELAINE SATTLEFIELD,

              Plaintiff,

vs.                                    No.  16-1003-DRH

OFFICE OF PERSONNEL
MANAGEMENT,

              Defendant.


## MEMORANDUM and ORDER

**HERNDON, District Judge:**

      On September 2, 2106, Madelaine Sattlefield filed a pro se civil rights suit against the United States Office of Personel [sic] Management (Doc. 1).  Along with her complaint, she filed a motion for leave to proceed in forma pauperis, a motion for recruitment of counsel and a motion for service of process at government expense (Docs. 2, 3 & 4).  On September 19, 2016, the Court denied with leave to refile plaintiff's motions and directed her to file an amended complaint detailing facts as to her claims (Doc. 5).  On October 7, 2016, plaintiff filed an amended complaint adding Gloria Silver, Mathew McIsaac and Karin Buckhaltor as defendants (Doc. 6).  The Court construed the amended complaint as containing renewed motions to proceed without prepaying fees and for service at the

government expense and again denied with leave to refile the motions and with leave to file an amended complaint providing more details as to her claims (Doc. 7). On November 15, 2016, plaintiff filed her amended complaint (the Court notes that it did not reference claims against defendants McIsaac or Buckhaltor) (Doc. 8). The Court construes the amended complaint as containing the motion for leave to proceed in forma pauperis and for appointment of counsel.

Under the PLRA, the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the Court finds that Sattlefield's pleadings, though still lacking in specificity regarding critical elements of her cause of action, survive § 1915(e)(2) review. She signed a declaration contained in her motion to proceed *in forma pauperis* documenting her poverty. She is seeking relief because she was denied her disability retirement by the Office of Personnel Management. She claims that she appealed her claims through the agency and that her claims were denied at each level. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.

Further, in large part because of her several unavailing efforts to construct a technically proficient complaint, the Court finds that plaintiff is entitled to court appointed counsel and **APPOINTS** Mr. Gordon R. Broom, HeplerBroom LLC- Edwardsville, 130 North Main Street, P.O. Box 510, Edwardsville, Illinois 62025, 618-656-0184.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel (following recruitment) lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321- 22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings contained in the amended complaint, the Court finds that plaintiff made a reasonable attempt to obtain counsel. She submitted

the names of attorneys she contacted. She states that the attorneys declined to take her case. While it is uncertain regarding the potential success on the merits of plaintiff's claims, it is a potentially complex case and clearly too complex for plaintiff given the three complaints that she has filed. *See* Docs. 1, 6 & 8. A review of the complaints indicates that they confusing at best. The Court finds that counsel would be beneficial to plaintiff based on the allegations contained in the complaint.

Plaintiff is cautioned to consult with counsel in this matter to understand that it is the attorney who is the legal professional in this relationship. Without commenting on the validity of the litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise plaintiff against taking a certain course of action. While plaintiff may not totally agree with counsel's advice, she should realize that, in the long run, such advice will be in her best interest because it is in compliance with the law. Also, counsel may advise plaintiff to pursue additional claims or to abandon certain existing claims. This appointment does not prevent counsel and client from trying to reach an agreement relative to a compensated relationship between each of them, such as a contingent fee arrangement.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent the client, but only to the extent that it does not impede his ethical

obligation to follow the rules of the Court and the law. If plaintiff wants to be represented by counsel, plaintiff will have to cooperate fully with counsel. **The Court will not accept any filings from plaintiff individually while she is represented by counsel, except a pleading that asks that she be allowed to have counsel withdraw from representation.** If counsel is allowed to withdraw at the request of plaintiff, there is no guarantee the Court will appoint other counsel to represent plaintiff.

Accordingly, the Court **GRANTS** Sattlefield's motions to proceed in forma pauperis and for service at government expense. Further, the Court **GRANTS** the motion to appoint counsel and **APPOINTS Mr. Gordon R. Broom** to represent Sattlefield, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), On or before December 16, 2016, assigned counsel shall enter his appearance in this case. Attorney Broom is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for her attorney to contact her in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order [and copies of the docket sheet and all the pleadings] to attorney Broom. Also, the electronic case file is available through the CM-ECF system.

Lastly, the Court **ALLOWS** Sattlefield, by and through counsel, to file an amended complaint on or before January 17, 2017. Plaintiff's counsel shall serve the amended complaint on the proper defendants.

**IT IS SO ORDERED.**

Signed this 16th day of November, 2016.

                                            Judge Herndon
                                            2016.11.16
                                            10:18:48 -06'00'

**United States District Judge**