IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MADELAINE SATTLEFIELD,

          Plaintiff,

v.

OFFICE OF PERSONNEL MANAGEMENT,

          Defendant.         No. 16-cv-1003-DRH-DGW

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction

Pending before the Court is defendant Office of Personnel Management's (hereinafter "defendant" or "OPM") motion to dismiss plaintiff Madelaine Sattlefield's (hereinafter "plaintiff" or "Sattlefield") second amended complaint ("complaint") for lack of subject matter jurisdiction pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1) (Doc. 34). In her response to OPM's motion to dismiss (Doc. 37), plaintiff contends that this court has subject matter jurisdiction over her claim pursuant to the Administrative Procedures Act ("APA"). OPM filed a reply arguing that dismissal is warranted because the Court of Appeals for the Federal Circuit has exclusive jurisdiction over plaintiff's claim. For the reasons explained below, the Court **GRANTS** defendant's motion to dismiss.

## II. Background

Plaintiff Madelaine Sattlefield in her complaint alleges that she began working as a mail handler for the U.S. Postal Service at its St. Louis branch on September 9, 2000 (Doc. 32, ¶ 7). On August 26, 2009, she suffered a torn rotator cuff in the course of her employment as a mail handler. *Id.* at ¶ 8. She sought medical attention and subsequently began physical therapy while working night shifts. *Id.* at ¶ 9. When physical therapy proved unsuccessful, she underwent shoulder surgery on February 1, 2010. *Id.* at ¶ 10. Plaintiff's doctors predicted that it would take six to eight weeks for her to recover, but in fact complications delayed her return to work for four months. *Id.* Sattlefield alleges that her supervisors pressured her into returning to work before she was fully recovered and failed to adequately accommodate her injury. *Id.* at ¶¶ 11–12. She attempted to work through the pain, but ultimately needed to take additional time off to manage the pain and continue her recovery from surgery. *Id.* at ¶ 13. Sattlefield was eventually terminated from her employment at the U.S. Postal Service, apparently for poor attendance. *Id.* at ¶ 14–15; Doc. 37, Ex. A.

On April 12, 2012, Sattlefield filed an application with OPM for disability retirement based on a rotator cuff injury, as well as several other medical conditions. Doc. 37, Ex. A; Doc. 37, Ex. B. On June 28, 2012 OPM issued a decision denying her application. Doc. 37, Ex. B. On February 8, 2013, Sattlefield requested OPM to reconsider its initial decision to deny her application. Doc. 37, Ex. B. OPM denied her request to reconsider its initial decision. Doc. 37, Ex. A;

Doc. 37, Ex. B. On September 9, 2013, she appealed OPM's denial of her reconsideration request to the Merit Systems Protection Board ("MSPB"). Doc. 37, Ex. B. The MSPB upheld OPM's denial of her reconsideration request. *Id.* Sattlefield petitioned for Board Review of the MSPB decision, and on October 7, 2014, an MSPB panel issued a Final Order denying her petition for review and affirming OPM's initial decision to deny her application for disability retirement. Doc. 37, Ex. A. The panel's Final Order contained detailed findings and concluded that the evidence was insufficient to establish that Sattlefield's various medical conditions, alone or together, rendered her disabled for purposes of disability retirement eligibility. Doc. 37, Ex. A. The MSPB's Final Order stated that Sattlefield had the right to request review of the Final Order by the United States Court of Appeals for the Federal Circuit. Doc. 37, Ex. A. It does not appear that Sattlefield appealed the MSPB's Final Order.

On October 20, 2014, Sattlefield filed a second application with OPM for disability retirement resulting from a torn rotator cuff and other medical conditions. Doc. 37, Ex. B. OPM denied her second application because "the medical evidence [did] not support a new or different condition" from those listed on her initial application for disability retirement. Doc. 37, Ex. B. In its July 14, 2015 correspondence to Sattlefield, OPM also refers to the "U.S. Court of Appeals" as the means to appeal the MSPB's Final Order. Doc. 37, Ex. B.

### III. Motion to Dismiss

Jurisdiction is "the 'power to declare law,' and without it the federal courts cannot proceed." *Hay v. Indiana State Bd. Of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999)). As courts of limited jurisdiction, federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *United States v. Wahi*, 850 F.3d 296, 299 (7th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is the court's constitutional or statutory power to adjudicate a particular dispute or type of dispute. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017).

OPM's motion to dismiss for lack of subject matter jurisdiction is made pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1). A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction over the case. Fed. R. Civ. P. 12(b)(1). A party may challenge subject matter jurisdiction at any point, and the court must dismiss the action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). On a motion to dismiss under Rule 12(b)(1), the burden of proof rests on the plaintiff. *Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998). In determining whether subject matter jurisdiction exists, the Court is "not bound to accept the truth of the allegations in the complaint" but "may properly look to evidence beyond the pleadings." *Id.*; *Hay*, 312 F.3d at 879 (stating that district

court had "not only the right, but the duty to look beyond the allegations of the complaint to determine that it had jurisdiction to hear the [case].").

With these principles in mind, the Court now turns to address merits of OPM's motion to dismiss.

### IV. Analysis

**A. Sattlefield's Allegations**

Sattlefield's complaint contains a single count, which appears to allege that OPM's denial of her application for disability retirement violated her constitutional due process rights in several respects.[1] Doc 32, ¶¶ 18–20. First, she claims that OPM and the MSPB failed to send her a copy of the MSPB Final Order explaining her appeal rights and the procedures for filing a petition with the Court of Appeals for the Federal Circuit.[2] *Id.* at ¶ 18. Second, she contends that OPM and the MSPB relied on evidence of her poor attendance which was actually attributable to authorized maternity leave. *Id.* at ¶ 19(1). Third, she claims that OPM and the MSPB failed to properly consider documentation from certain physicians. *Id.* at ¶ 19(2). Fourth, she alleges that OPM and the MSPB failed to consider her grant of disability benefits from the Social Security Administration.

---

[1] Sattlefield also alleges that OPM's termination of her employment violated her due process rights. Doc 32, ¶¶19–20. But in fact she was employed by, and subsequently terminated by, the U.S. Postal Service. *See, e.g.*, Doc. 24-1, Ex. H.

[2] Sattlefield has not cited any authority indicating that a lack of notice would affect the jurisdictional analysis. The relevant question is more likely whether a lack of notice would toll the 60-day period for filing an appeal. However, given that § 7703(b)(1)(A) of the Civil Service Reform Act (CSRA) sets the deadline for appeals, answering that question would require interpreting the CSRA – a task that would fall within the exclusive jurisdiction of the U.S. Court of Appeals for the Federal Circuit, as discussed below.

*Id.* at ¶ 19(3).[3] In sum, Sattlefield argues that the OPM and MSPB decisions should be reversed because they were arbitrary and unsupported by the evidence. *See id.* at ¶¶ 18–20.

Although Sattlefield couches her claims in terms of constitutional due process, the thrust of her complaint is that OPM and the MSPB erred in weighing the evidence and denying her application for disability retirement – in other words, they simply got it wrong.[4] She therefore asks this Court to reverse the decisions of OPM and the MSPB, grant her application for disability retirement benefits, and award her additional damages. *See* Doc. 32, p. 10. Because Sattlefield's claim is effectively either an improper appeal from, or collateral attack on, a decision of the MSPB, this Court lacks subject matter jurisdiction must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3).

---

[3] Sattlefield's complaint also makes passing reference to "discriminatory" decisions and contains a sentence fragment that suggests age discrimination by OPM. Doc. 32, ¶¶ 1, 19. District courts have jurisdiction over "mixed cases" in which a current or former federal employee asserts rights under both the CSRA and federal antidiscrimination law. *Perry v. Merit Systems Protection Bd.*, 137 S.Ct. 1975, 1979–80, 1988 (2017). However, to bring a mixed case, the employee must "complain[] of serious adverse action prompted . . . by *the employing agency's violation* of federal antidiscrimination laws." *Id.* at 1988 (emphasis added). Notwithstanding the lack of any factual basis for a discrimination claim in the complaint, this is not a mixed case because Sattlefield does not appear to have alleged discrimination by her employer (the U.S. Postal Service) to the OPM or MSPB.

[4] Even if Sattlefield had articulated a cognizable constitutional violation, dismissal would still be warranted because "[t]here is no question but that the CSRA provides the exclusive remedy for an alleged constitutional violation . . . arising out of federal employment." *Richards v. Kiernan*, 461 F.3d 880, 885 (7th Cir. 2006); *see Bush v. Lucas*, 462 U.S. 367, 388–90 (1983) (declining to create a new judicial remedy for constitutional claims arising out of federal employment); *see also Paige v. Cisneros*, 91 F.3d 40, 42–43 (7th Cir. 1996); *Ayrault v. Pena*, 60 F.3d 346, 350 (7th Cir. 1995); *Robbins v. Bentsen*, 41 F.3d 1195, 1200–01 (7th Cir. 1994) (First and Fifth Amendment claims); *Feit v. Ward*, 886 F.2d 848, 855 (7th Cir. 1989); *Moon v. Phillips*, 854 F.2d 147, 152 (7th Cir. 1988) (First and Fifth Amendment claims). Therefore, "any judicial review of a final decision by the MSPB lies with the United States Court of Appeals for the Federal Circuit, and not with the district courts." *Richards*, 461 F.3d at 886; *see* 5 U.S.C. § 7703(b)(1); *United States v. Fausto*, 484 U.S. 439, 446 (1988); *Ayrault*, 60 F.3d at 348.

### B. Judicial Review of CSRA Claims

Sattlefield contends that this Court has subject matter jurisdiction over her case pursuant to § 702 of the Administrative Procedures Act (APA). Doc. 37, pp. 2–5. That provision grants "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" the right to "judicial review thereof." 5 U.S.C. § 702. Sattlefield argues that the APA grants her standing to challenge the MSPB's decision affirming OPM's denial of plaintiff's application for disability retirement, and that this Court therefore has subject matter jurisdiction over her claim. Doc. 37, pp. 2–5.

However, the right to judicial review granted by the APA is qualified. Section 702 goes on to state that "nothing herein . . . affects other limitations on judicial review." 5 U.S.C. § 702. Furthermore, § 703 provides that "[t]he form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute." 5 U.S.C. § 703. Finally, the scope of actions reviewable under the APA is limited to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

In 1978, Congress enacted the Civil Service Reform Act (CSRA), 5 U.S.C. § 1101 *et seq.*, which established a "comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions," *Richards v. Kiernan*, 461 F.3d 880, 886 (7th Cir. 2006) (quoting *Ayrault v. Pena*, 60 F.3d 346, 347 (7th Cir. 1995)). The CSRA also created the MSPB to "review

certain serious personnel actions against federal employees," *Perry*, 137 S.Ct. at 1979, and "implicitly repealed the jurisdiction of federal district courts over personnel actions arising out of federal employment." *Richards*, 461 F.3d at 883 (citing *Paige*, 91 F.3d at 43); *see Fausto*, 484 U.S. at 453–54.

When it comes to federal employee disability retirement claims, Congress has outlined the stages of administrative review.[5] As for judicial review of such claims, the CSRA states that "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." 5 U.S.C. § 7703(b)(1)(A); *see Perry*, 137 S.Ct. at 1979–80. Furthermore, 28 U.S.C. § 1295(a)(9)[6] states that "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . (9) of an appeal from a final order or final decision of the [MSPB], pursuant to sections 7703(b)(1) and 7703(d) of title 5." 28 U.S.C. § 1295(a)(9).

According to the Supreme Court, Congress has recognized the "primacy of both the [MSPB] and the Federal Circuit in interpretive matters under the CSRA," *Ayrault*, 60 F.3d at 348 (citing *Fausto*, 484 U.S. at 449), and delegated review of CSRA appeals exclusively to those bodies in order to foster "a unitary and consistent Executive Branch position on matters involving personnel action, avoid[] an unnecessary layer of judicial review in lower federal courts, and

---

[5] Title 5 U.S.C. § 8461 authorizes OPM to administer the Federal Employees' Retirement System (FERS) and adjudicate all claims arising under FERS. 5 U.S.C. § 8461(a)-(c). OPM decisions may then be appealed to the MSPB. 5 U.S.C. § 8461(e)(1); *see also* 5 C.F.R. § 1201.3(a)(2) (granting the MSPB appellate jurisdiction over retirement appeals arising under the federal retirement laws).

[6] This provision is part of the Federal Courts Improvement Act of 1982 (FCIA), which created the United States Court of Appeals for the Federal Circuit and defined its jurisdiction. *Lindahl*, 470 U.S. at 775.

encourage[] more consistent judicial decisions." *Fausto*, 484 U.S. at 449; *see Ayrault*, 60 F.3d at 348. Thus, in *Lindahl v. Office of Personnel Management*, the Supreme Court found that "[s]ections 1295(a)(9) and 7703(b)(1) together appear to provide for exclusive jurisdiction over MSPB decisions in the Federal Circuit, and do not admit any exceptions for disability retirement claims." 470 U.S. 768, 792 (1985). Subsequent cases consistently held that jurisdiction over appeals from MSPB action resides exclusively with Court of Appeals for the Federal Circuit. *See, e.g.*, *Fausto*, 484 U.S. at 446; *Richards*, 461 F.3d at 886; *Ayrault*, 60 F.3d at 348. As such, in 2017, the Supreme Court recognized that it is well settled that "[i]f an employee asserts rights under the CSRA . . . MSPB decisions . . . are subject to judicial review exclusively in the Federal Circuit." *Perry*, 137 S.Ct. at 1979.

Finally, § 7703(c) of the CSRA provides that, when reviewing a decision of the MSPB, the Federal Circuit may "set aside any agency action, findings, or conclusions found to be (1) arbitrary . . . (2) obtained without procedures required by law . . . or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). This is precisely the type of ruling that Sattlefield's complaint seeks.

Therefore, because Sattlefield asks this Court to review OPM and MSPB decisions arising out of her federal employment, and because Congress has committed such review exclusively to the jurisdiction of the U.S. Court of Appeals for the Federal Circuit, this Court lacks subject matter jurisdiction and must dismiss. *See* Fed. R. Civ. P. 12(h)(3).

### V. Conclusion

Accordingly, the Court **GRANTS** defendant's motion to dismiss (Doc.   ). Pursuant to Fed.R.Civ.P. 12(h)(3), the Court dismisses for lack of subject matter jurisdiction without prejudice.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.20
10:43:26 -06'00'

**United States District Judge**